IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-CR-282-1FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| WILLIAM MAYE, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on defendant's request for discovery [DE #16] and motion to sequester witnesses [DE #17]. The government has not filed a response to either submission and the time for filing responses has expired. [*See* DE #10.] The motions were referred to the undersigned Magistrate Judge for review and decision pursuant to 28 U.S.C. §636(b)(1)(A). For the reasons set forth below, defendant's request for discovery is STRICKEN and defendant's motion to sequester witnesses is GRANTED.

## I. Request for Discovery

Defendant's request for discovery is a lengthy (almost twenty page) listing of purported *Brady*[1] material that defendant seeks from the government. The request is directed wholly at the government; the request states expressly that "it does not require action by the court." [DE #16, p. 1.] In the same vein, the request lacks any statement that "a request for discovery and inspection was made and denied," as would be required for a discovery motion under Local Crim. R. 16.1(a), E.D.N.C. Indeed, it appears from the request that defendant has not yet conferred with the government at all regarding the materials he seeks. Defendant apparently filed the request simply

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

as a means of making a record of his having requested the materials sought from the government. [*Id.*]

The court finds inappropriate such filing of a discovery request not associated with a motion for relief by the filing party or another party or other proceeding in court. The filing of the request imposes on the court the burden of reviewing and retaining the request even though no action by it is required. *See* Fed. R. Civ. P. 5(d) (barring the filing of discovery requests in civil cases until they are used in proceedings in court or the court orders them to be filed) & advisory committee note (2000 amendment). There are other means by which the record of such a discovery request can be preserved without imposing on the court. Accordingly, defendant's request for discovery is STRICKEN. The striking of the request is without prejudice to defendant's right to bring a motion in compliance with the applicable Federal Rules of Criminal Procedure and Local Rules for relief relating to the materials sought in the discovery request.

## II. Motion to Sequester Witnesses

Defendant seeks an order, pursuant to Fed. R. Evid. 615 and subject to the exceptions therein, requiring sequestration of all witnesses other than defendant. Evidence Rule 615 provides that "[a]t the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Under this rule, the sequestration of witnesses is mandatory, if requested. *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986); *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983). However, the rule excludes from the sequestration requirement "an officer or employee of a party which is not a natural person designated as its representative by its attorney." Fed. R. Evid. 615(2). A government investigative agent involved in a criminal prosecution falls within this exception. *Farnham*, 791 F.2d at 334 (citing *Parodi*, 703 F.2d at 773). Only one agent may be exempted from sequestration under this exception. *See Farnham*, 791 F.3d at 335; *see also*

29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure: Evidence* § 6245 at 80-81 (1997).

Defendant's motion to sequester is therefore GRANTED. All trial witnesses shall be sequestered, and each witness is prohibited from revealing previous trial testimony to any witnesses who have yet to testify at trial. Subject to further order by the trial judge, the government may designate one investigative agent, pursuant to Fed. R. Evid. 615(2), to be present throughout the trial, even if he is expected to testify. Defendant may also be present throughout the trial, even if he is expected to testify. *See* Fed. R. Evid. 615(1) (parties who are natural persons are excluded from sequestration).

So ORDERED, this the 10th day of January, 2007.

James E. Gates
United States Magistrate Judge